UNITED STATES DISTRICT COURT
NORTHERN  DISTRICT OF NEW YORK
----------------------------------------------------------X

Xue Fang Huang, individually and on behalf of
all other employees similarly situated,

                      Plaintiff,

        - against -

Rain Albany LLC,
Frank Lee, John Doe and Jane Doe # 1-5

                    Defendants.
----------------------------------------------------------X

DOCKET No.   1:22-cv-482 (BKS/CFH)


COMPLAINT

     Plaintiff Xue Fang Huang ("Plaintiff"), on her own behalf and on behalf of all others

similarly situated, by and through her undersigned attorneys, Law Offices of Jin Huang, hereby

files this complaint against the Defendants Rain Albany LLC, Frank Lee, John Doe and Jane Doe

# 1-10 (collectively "Defendants"), alleges and shows the Court the following:


**NATURE OF THE ACTION**

     1.    Plaintiff Xue Fang Huang alleges on behalf of herself and on behalf of other

similarly situated current and former employees of defendants Rai Albany LLC, Frank Lee, John

Doe and Jane Doe # 1-5, who elect to opt into this action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less

than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which

they did not receive overtime premium pay as required by law, and (iii) liquidated damages

pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith

basis.

     2.    Ms. Huang further complains that she is entitled to (i) compensation for wages paid

at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants

willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for unreasonably delayed wages; (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for defendants' violation of the Wage Theft Prevention Act.

3.      Plaintiff Ms. Huang is an adult individual residing in New York City.

4.      Ms. Huang consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); her written consent is attached hereto and incorporated by reference.

5.      Upon information and belief, defendant Rain Albany LLC is a New York corporation with a principal place of business at 259 Lark Street, Albany, NY 12210.

6.      Upon information and belief, Defendant Rain Albany LLC (hereinafter "Rain Albany") operates a restaurant serving Chinese Food at 259 Lark Street, Albany, NY 12210.

7.      At all relevant times, defendant Rain Albany LLC has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.      Upon information and belief, at all relevant times, Rain Albany has had gross revenues in excess of $500,000.00.

9.      Upon information and belief, at all relevant times, Rain Albany has constituted an "enterprise" as defined in the FLSA.

10.     Upon information and belief, Defendant Frank Lee is the owner(s) or part owner(s) or a member of Rain Albany LLC, who has the power to hire and fire employees, set wages and schedules, and maintain its records.

11.    Defendant Frank Lee was involved in the day-to- day operations of Rain Albany and played an active role in managing the business.

12.    For example, Frank Lee had hired plaintiff and set her wages, set her work schedule, paid her wages and maintained business records.

13.    Upon information and belief, defendants John Does #1-5 represent the other owners, officers, directors, members, and/or managing agents of Rain Albany, whose identities are unknown at this time, who participated in the day-to-day operations of defendants, who have the power to hire and fire employees, set wages and schedules, and retain its records.

14.    Defendants constituted "employers" of Ms. Huang as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Ms. Huang's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Ms. Huang 's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLERGATIONS

17.    Pursuant to 29 U.S.C. § 206 and § 207, Ms. Huang seeks to prosecute her FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States up to last three (3) years through the entry of judgment in this case  (the

"Collective Action Period"), who were Defendants' employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.     The Collective Action Members are similarly situated to Ms. Huang in that they were employed by defendants as non-exempt restaurant employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

19.     They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20.     Ms. Huang and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21.     The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery. Upon information and belief, there are more than twenty (20) members of the class

## **FACTS**

22.     At all relevant times herein, defendants owned and operated a restaurant selling Chinese style food in Albany area in the State of New York.

23.     Ms. Huang was employed at defendants' restaurant from approximately May 2016, to July 2018; then from October 2018 to through October 19, 2021 except taking a week off in July 2019.

24.     From May 2016 to July 2018, Ms. Huang was employed as a dishwasher in the restaurant.

25.    From October 2018 to October 2021, Ms. Huang was employed as a kitchen helper.

26.    Mr. Huang's duties as a kitchen helper included: making dumplings and spring rolls, cleaning and cutting chickens and ducks, helping roasting ducks, unloading food deliveries and storing them in refrigerators, and carrying frozen poultry, vegetables stored in the basement to the food preparation area in the kitchen, and cleaning the kitchen and the dining area before closing for business.

27.    Ms. Huang's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

28.    At all relevant times herein, Ms. Huang was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

29.    Mr. Huang worked a regular schedule of six days per week for defendants.

30.    From May 2016 to July 2018, she worked from 10:30 a.m. to 10:00 p.m. on Monday, Wednesday, Thursday, and Sunday, and from 10:30 a.m. to 11:00 p.m. on Friday and Saturday. She was usually off on Tuesday.

31.    From October 2018 to October 2021, she worked from 10:30 a.m. to 10:00 p.m. on Monday, Wednesday, Thursday, and Sunday, and from 10:30 a.m. to 11:00 p.m. on Friday and Saturday. She was usually off on Tuesday.

32.    As a result, Ms. Huang was regularly working 71 hours per week each week of her employment.

33.    Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

34.     Mr. Huang was paid $2,200.00 a month in 2016, and $2,400.00 a month in 2017.

35.     She was paid $2,600.00 a month from 2018 through April 2020, $2,800.00 a month from May 2020 to August 2021, and $3,100.00 a month from September 2021 to October 2021.

36.     Throughout her employment, Ms. Huang usually received $500.00 a month by check, and the balance of her monthly pay in cash.

37.     Ms. Huang received these amounts for all hours she worked, regardless of the number of hours she worked each day, week, or month.

38.     Ms. Huang was paid mostly in cash throughout her employment, and she received no paystubs or wage statements of any sort for this portion of her pay.

39.     In addition, Ms. Huang did not receive any overtime compensation for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

40.     Defendants' failure to pay Ms. Huang the overtime compensation for overtime hours worked was willful, and lacked a good faith basis.

41.     Ms. Huang worked more than 10 hours per day throughout her employment with the Defendants, and yet defendants willfully failed to pay her one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

42.     Defendants failed to provide Ms. Huang with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signature acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

43.     Defendants failed to provide Ms. Huang with weekly records of her compensation and hours worked, in violation of the Wage Theft Prevention Act.

44.     Upon information and belief, throughout the period of Ms. Huang's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Ms. Huang (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

45.     Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

46.     Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

47.     Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

48.     Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they work shifts lasting in excess of ten hours from start to finish in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

49.     Upon information and belief, these other individuals were not provided with

required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

50.     Upon information and belief, while defendants employed Ms. Huang and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

51.     Upon information and belief, while defendants employed Ms. Huang and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act-Unpaid Minimum Wages)

52.     Ms. Huang, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 - 51 as if set forth fully herein.

53.     At all relevant times, defendants employed Ms. Huang and the Collective Action Members within the meaning of the FLSA.

54.     Defendants failed to pay a salary greater than the minimum wage to Ms. Huang and the Collective Action Members for all hours worked.

55.     As a result of defendants' willful failure to compensate Ms. Huang and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

56.    The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

57.    As a result of defendants' FLSA violations, Ms. Huang and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law-Unpaid Minimum Wages)

58.    Ms. Huang repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 - 57 as if set forth fully herein.

59.    At all relevant times, Ms. Huang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.    Defendants willfully violated Ms. Huang's rights by failing to pay her compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

61.    Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62.    As a result of defendants' New York Labor Law violations, Ms. Huang is entitled to recover from defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

## (Fair Labor Standard Act-Overtime)

63.     Ms. Huang, on behalf of himself and all Collective Action  Members,  repeats, realleges,  and  incorporates  by reference the allegations in Paragraphs 1 - 62 as if set forth fully herein.

64.     At all relevant times, defendants employed Ms. Huang and each of the Collective Action Members within the meaning of the FLSA.

65.     At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

66.     As a result of defendants' willful failure to compensate their  employees, including Ms. Huang and  the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

67.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

68.     As a result of defendants' FLSA violations, Ms. Huang and the Collective  Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

## (New York Labor Law-Overtime)

69.     Ms. Huang repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 - 68 as if set forth fully herein.

70.     At all relevant times, Mr. Huang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71.     Defendants willfully violated Ms. Huang rights by failing to pay her overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

72.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73.     As a result of defendants' New York Labor Law violations, Ms. Huang is entitled to recover from defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

## (New York Labor Law-Spread of Hours)

74.     Ms. Huang repeats, realleges, and incorporates by reference the allegations in Paragraphs 1 – 73 as if set forth fully herein.

75.     At all relevant times, Ms. Huang was employed by defendants within the

meaning of the New York Labor Law, §§2 and 651.

76.    Defendants willfully violated Ms. Huang's rights by failing to pay her an additional hour's pay at the minimum wage for each day she worked in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq*.

77.    Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78.    As a result of defendants' New York Labor Law violations, Ms. Huang is entitled to recover from defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## <u>COUNT VI</u>

### <u>(New York Labor Law-Frequency of Pay)</u>

79.    Ms. Huang repeats, realleges, and incorporates by reference the foregoing allegations in Paragraphs 1 – 78 as if set forth fully and again herein.

80.    At all relevant times, Ms. Huang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

81.    Defendants willfully violated the rights of Ms. Huang by failing to pay her all of her wages owed within one week after the week in which those wages were earned, in violation of New York Labor Law § 191.

82.    Defendants' failure to pay all wages owed on the applicable schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

83.     As a result of defendants' New York Labor Law violations, Ms. Huang is entitled to recover from defendants damages for unreasonably delayed wages, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VII

### (New York Labor Law-Wage Theft Prevention Act)

84.     Ms. Huang repeats, realleges, and incorporates by reference the foregoing allegations in Paragraphs 1 – 83 as if set forth fully and again herein.

85.     At all relevant times, Ms. Huang was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

86.     Defendants willfully violated Ms. Huang's rights by failing to provide her with the wage notice required by the Wage Theft Prevention Act when she was hired, or at any time thereafter.

87.     Defendants willfully violated Ms. Huang's rights by failing to provide her with weekly wage statements required by the Wage Theft Prevention Act at any time during her employment.

87.     As a result of defendants' New York Labor Law violations relating to the failure to provide paystubs, Ms. Huang is entitled to recover from the defendants the statutory damages allowed under the New York Wage Theft Prevention Act.

88.     As a result of defendants' New York Labor Law violations relating to the failure to provide wage notices, Ms. Huang is entitled to recover from the defendants statutory damages under the New York Wage Theft Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  Designating Plaintiff and his counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.  Compensatory damages for failure to pay minimum wages pursuant to the FLSA and New York Lab Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29

U.S.C. § 216;

    h.    An award of damages as a result of Defendant's failure to pay the "spread of hours" premiums required by New York Labor Law;

    i.    An award of damages as a result of defendants' violation of the frequency of payment requirements of New York Labor Law;

    j.    Liquidated damages for defendants' New York Labor Law violations;

    k.    Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

    l.    Punitive damages under the applicable laws;

    m.    An award of prejudgment and post-judgment interest;

    n.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    o.    Such other, further, and different relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: Queens, New York
       May 7, 2022

                        Law Offices of Jin Huang
                        *Attorneys for Plaintiff*

                        s/Jin Huang
                        Jin Huang, Esq.
                        36-09 Main Street, Suite 10A
                        Flushing, NY 11354
                        Tel: (718) 321-2911
                        jhlawoffices@gmail.com

# Exhibit A

CONSENT TO SUE UNDER
FEDERAL FAIR LABOR STANDARD ACT


By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Rain Albany LLC, and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage, overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Defendant's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.



Date: October 29, 2021


HUANGXUEFANG
Signature


Xue Fang Huang
Full Legal Name (Print)